UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALIX DUVIGNEAUD,

                                              Plaintiff,

**COMPLAINT**

Docket No. 08 CV 02162

- against -

COMMERCIAL TRANSPORTATION
GROUP OF NV, INC.,

                                              Defendant.
------------------------------------------------------------------X

Plaintiff, ALIX DUVIGNEAUD, complaining of the Defendant, COMMERCIAL TRANSPORTATION GROUP OF NV, INC., by and through his attorneys, Kevin T. Mulhearn, P.C., hereby alleges that:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to, inter alia, 29 U.S.C. § 2601, et seq. (The Family Medical Leave Act of 1993), as Plaintiff's first claim alleges that Defendant deprived him of his federally protected rights to take reasonable leave for the adoption of a child. As such, this action presents one or more federal questions.

2. Venue is proper in this judicial district, pursuant to 28 U.S.C. §§ 1391 (b)(1) and (c)(1), as Defendant, is a corporation which does business, and at all material times has done business, within this judicial district, and at all material times has been subject to personal jurisdiction within this judicial district. Moreover, the facts and events which comprise Plaintiff's claims occurred and arose within this judicial district.

## PARTIES

3.  Plaintiff, ALIX DUVIGNEAUD, is a resident of the County of Fairfield, State of Connecticut. He was employed by Defendant from approximately February, 2006 to August 23, 2007.

4.  Defendant, upon information and belief, is a corporation incorporated in the State of Nevada, and, at all material times has conducted, and continues to conduct, business in the State of New York, and maintains a principal office in New York State at 1363 Veterans Memorial Highway, Suite 34, Hauppauge, New York 11788.

## AS AND FOR A FIRST CLAIM

5.  For several years beginning in 2004, Plaintiff and his wife sought to adopt a young girl named Stephanie (D.O.B. 1/10/04), who was born in Port-A-Prince, Haiti, but was permitted to live with Plaintiff and his wife in the United States while their adoption of her was pending.

6.  After much paperwork and legal wrangling, in August, 2007 Plaintiff was advised that the adoption procedures had been completed, and he and his wife had officially and legally adopted Stephanie, but he needed to travel promptly to Haiti with his adopted daughter and to finalize the adoption process, and confirm her legal status in the United States. Plaintiff's adopted daughter, Stephanie, traveled to Haiti in July, 2007, whereupon she was cared for by Plaintiff's relatives.

7.  On or about July 22, 2007, Plaintiff made a formal request to Defendant for a week off from work so that he could travel to Haiti to pick up and bring back Stephanie, his adopted daughter, and finalize the adoption process, particularly with respect to her legal status.

8.  Defendant consented to Plaintiff's request. (Plaintiff, moreover, to this point, had used only one week of the two-weeks per annum company-provided vacation time in calendar year 2007).

9.  Plaintiff flew to Haiti and arrived there on August 11, 2007. He told his employer, Defendant, that he would return to work on August 20, 2007.

10. When he arrived in Haiti, however, his departure was delayed because: (1) the adoption paperwork was not completed, and (2) Hurricane Dean was looming over most of the Carribean, including Haiti.

11. Accordingly, the airport in Haiti, Toussaint Louverture, was temporarily closed and/or over-booked for several days, which prevented Plaintiff from returning to the United States, and to work for Defendant.

12. During these delays, Plaintiff repeatedly, both personally and through his sister, contacted his direct supervisor, Eric Meyers, to inform him of the situation and the unavoidable delay in returning to the United States.

13. As soon as possible, when the airport in Haiti re-opened, Plaintiff flew back to the United States.

14. As soon as Plaintiff returned, to the United States on Thursday, August 23, 2007, he reported for work.

15. At all material times, Defendant had actual knowledge of Plaintiff's adoption process and the reasons for his delay in returning to work for Defendant.

16. Upon his return to work on Thursday, August 23, 2007, however, Defendant, through its agents and/or employees, notified Plaintiff that his employment had been terminated.

17. Plaintiff is an "eligible employee" as defined in 29 U.S.C. § 2611, in that he was employed by Defendant for more than 12 months, and had performed more than 1,250 hours of service for Defendant during the previous 12 month period.

18. Defendant is an "employer" as defined in 29 U.S.C. § 2611, in that Defendant is a legal person engaged in commerce which employs 50 or more employees for each working day during each of 20 or more calendar workweeks at all material times.

19. 29 U.S.C. § 2612 provides in pertinent part that an eligible employee is entitled to 12 workweeks of leave during any 12 month period because of the placement of a son or daughter with the employee for adoption.

20. 29 U.S.C. § 2615 provides that it is a prohibited act for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter"

21.     The "Discrimination" section of 29 U.S.C. § 2615, subsection (a)(2), provides that "it shall be unlawful for any employer to discharge ... any individual for opposing any practice made unlawful by this subchapter."

22.     Defendant, by its aforesaid acts, particularly the unlawful discharge of Plaintiff's employment upon his return from Haiti to the United States, on August 23, 2007, violated the clear and categorized terms of 29 U.S.C. § 2615.

23.     As a direct and proximate result of Defendant's violation of 29 U.S.C. § 2615, Plaintiff suffered, and continues to suffer, substantial damages, including but not limited to lost wages, lost salary, lost employment benefits, loss of reputation, and severe emotional distress and pain and suffering.

WHEREFORE, based upon the aforesaid, Plaintiff hereby prays for Order and Judgment mandating that:

Pursuant to 29 U.S.C. § 2617, and otherwise, this Court mandate that Defendant shall pay Plaintiff compensatory damages in a sum equal to the proven loss of his wages, salary, employment benefits, or any other compensation denied or lost to Plaintiff by reason of Defendant's aforesaid violations of 29 U.S.C. § 2615, as well as interest on the aforesaid amount to the prevailing rate, as well as liquidated damages pursuant to 29 U.S.C. § 2617 (A)(iii), all attorney's fees incurred by Plaintiff in connection with this action, and other costs incurred, including reasonable expert witness fees, pursuant to 29 U.S.C. § 2617 (B)(3) or otherwise, and grant Plaintiff any other, different or further legal or equitable relief, as to this Court may seem just, proper or necessary.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:      March 3, 2008
            Orangeburg, New York            Respectfully submitted,

                                            KEVIN T. MULHEARN, P.C.

                                            By: _____
                                            *Kevin T. Mulhearn, Esq. (KM 2301)*

                                            Attorneys for Plaintiffs

                                            60 Dutch Hill Road
                                            Suite 8
                                            Orangeburg, New York 10962
                                            Phone: 845-398-0361
                                            Fax: 845-398-3836
                                            Email: kmulhearn@ktmlaw.net